Dkt. 10
[REDACTED]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Pennantia, LLC, § <br> RCM 270, LLC, § <br> Lynne Rose, LLC, § <br> RCM 245, LLC, § <br> Rebekah Rose, LLC, § <br> RCM 225, LLC, and § <br> Anna Rose, LLC, § <br>  § <br> Plaintiffs, § <br>  § <br> v. § <br>  § <br> *Tank Barge RCM 270* (Official #1257373), § <br> *Tug LYNNE ROSE* (Official #9753179), § <br> *Tank Barge RCM 245* (Official #1050073), § <br> *Tug REBEKAH ROSE* (Official #9170688), § <br> *Tank Barge RCM 225* (Official #1139764), and § <br> *Tug ANNA ROSE* (Official #1139762), their § <br> engines, tackle, appurtenances, etc., *in rem*, § <br>  § <br> Defendants. § | | United States Courts<br>Southern District of Texas<br>F I L E D<br><br>MAY -7 2025<br><br>Nathan Ochsner, Clerk of Court<br><br><br>Civil Action No. _____<br><br>Admiralty |

## DECLARATION OF SUBSTITUTE CUSTODIAN

Alan Swimmer, of National Maritime Services, Inc., states as follows:

1. I am the President of National Maritime Services, Inc. ("NMS"), located at 1560 Sawgrass Corporate Parkway, Suite 400, Fort Lauderdale, FL 33323-2855.

2. NMS has been in business since 2003 and has acted as the substitute custodian for hundreds of federal court vessel arrests in various jurisdictions around the United States.

3. I am familiar with the *in rem* Defendants *Tank Barge RCM 270* (Official #1257373), *Tug LYNNE ROSE* (Official #9753179), *Tank Barge RCM 245* (Official #1050073), *Tug REBEKAH ROSE* (Official #9170688), *Tank Barge RCM 225* (Official #1139764), and *Tug*

*ANNA ROSE* (Official #1139762) (collectively, the "Vessel Defendants"), at least to the extent of their size, type, construction material and apparent condition, and believe that I have adequate facilities and supervision for and can safely keep said Vessel Defendants in place of the U.S. Marshal during the pendency of this suit and until further order of the Court, and in this regard, I will perform the following services for said vessel during my custodianship:

- Providing for the safekeeping of the Vessel Defendants, as necessary.

4. NMS has access to facilities for fleeting and custody of the Vessel Defendants and is willing to act as substitute custodian providing adequate supervisory presence at an estimated amount of ▮▮▮ per Vessel one-time mobilization charge (discounted if Vessels are found to be in the same location) and ▮▮▮ thereafter (assuming that all six Vessel Defendants are in custody at the same time), which shall include a full-time on-board watchman, plus a ▮▮▮ handling fee applied to all third-party charges. The third-party charges are anticipated to be repatriation travel, dockage, crew pay, fuel and power, as applicable.

5. NMS is aware that Plaintiffs have requested that the Court order that Plaintiffs and their designees (such as inspectors, surveyors, and other potential representatives of prospective purchasers) be given unfettered access to (a) the Vessel Defendants and (b) to all documents, records and information appurtenant to, or constituting maritime property, related to the Vessel Defendants. NMS is willing and capable facilitating such access to the Vessel Defendants.

6. NMS anticipates that it is likely that one or more of the Vessel Defendants may need to reposition themselves or to conduct normal operations, including cargo handling, while under arrest. NMS is willing and capable of facilitating such activities should they become necessary.

7. I have liability insurance adequate to respond in damages for loss of or injury to the Vessel Defendants during said custody. I have presented the aforesaid proof of insurance to the U.S. Marshal.

8. Further, I agree to accept substitute custodianship of the Vessel Defendants, their engines, tackle, appurtenances, etc., in accordance with the Motion and Order Appointing Substitute Custodian.

9. I understand that all costs and expenses incidental to the keeping of the Vessel Defendants will be paid by the moving party and that the U.S. Marshal does not assume liability for any acts of the substitute custodian or any costs incurred incidental to this Court appointed custodianship.

I declare under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on this 7th day of May, 2025 at Parkland, Florida.

Alan Swimmer, President
National Maritime Services, Inc.