Dkt. 15
[REDACTED]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Pennantia, LLC, <br> RCM 270, LLC, <br> Lynne Rose, LLC, <br> RCM 245, LLC, <br> Rebekah Rose, LLC, <br> RCM 225, LLC, and <br> Anna Rose, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> *Tank Barge RCM 270* (Official #1257373), <br> *Tug LYNNE ROSE* (Official #9753179), <br> *Tank Barge RCM 245* (Official #1050073), <br> *Tug REBEKAH ROSE* (Official #9170688), <br> *Tank Barge RCM 225* (Official #1139764), and <br> *Tug ANNA ROSE* (Official #1139762), their engines, tackle, appurtenances, etc., *in rem*, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § | Civil Action No. _____ <br><br> Admiralty |

**ORDER APPOINTING SUBSTITUTE CUSTODIAN**

Plaintiffs, Pennantia, LLC, RCM 270, LLC, Lynne Rose, LLC, RCM 245, LLC, Rebekah Rose, LLC, RCM 225, LLC, and Anna Rose, LLC (each a "Plaintiff" and collectively "Plaintiffs"), by and through their attorneys, having appeared and made the following recitals:

1. Plaintiff filed a Verified Complaint in this action on May 7, 2025, asking that the *in rem* Defendants *Tank Barge RCM 270* (Official #1257373), *Tug LYNNE ROSE* (Official #9753179), *Tank Barge RCM 245* (Official #1050073), *Tug REBEKAH ROSE* (Official #9170688), *Tank Barge RCM 225* (Official #1139764), and *Tug ANNA ROSE* (Official #1139762), their engines, tackle, appurtenances, etc. (the "Vessel Defendants"), be arrested to allow Plaintiffs

access to the Vessel Defendants and associated reports, documents, and information related to the Vessel Defendants.

2. It is contemplated that the Clerk of Court will issue a Warrant of Arrest commanding the United States Marshal for this district to arrest and take into custody the Vessel Defendants and to detain the same in his custody until further Order.

3. It is contemplated that the United States Marshal will seize the Vessel Defendants immediately. Custody by the United States Marshal requires the services of one or more watchmen and includes charges for wharfage/anchorage and the other services usually associated with the safekeeping of vessels similar to the Vessel Defendants.

4. The Vessel Defendants currently are berthed/anchored, or will be shortly, at the Port of Galveston, Texas. National Maritime Services, Inc. has agreed to assume the responsibility of safekeeping the Vessel Defendants and has consented to act as their Substitute Custodian until further Order of this Court, all for a sum, including wharfage/anchorage and routine services required for the safe-keeping of the particular Vessels, at a estimated amount of $1,718.33 per Vessel one-time mobilization charge (discounted if Vessels are found to be in the same location) and ████████████ thereafter (assuming that all six Vessel Defendants are in custody at the same time), which shall include a full-time on-board watchman, plus a ████ handling fee applied to all third-party charges. The third-party charges are anticipated to be repatriation travel, dockage, crew pay, fuel and power, as applicable. The United States Marshal is unable to perform or to have performed at a comparable rate these same services. Additional services to be performed by National Maritime Services, Inc. will include other necessaries to be performed at separate costs.

2

In any case, the transfer of the Vessel Defendants to the substitute custodian for safekeeping will not be effected until all such charges have been paid by the Plaintiffs.

5.  National Maritime Services, Inc., by declaration, represents that it has adequate facilities and supervision for the proper safekeeping of the Vessel Defendants and that it has insurance coverage adequate to respond to damage to the Vessel Defendants or for damages sustained by third parties proximately caused by any acts, faults, or negligence by the substitute custodian. The substitute custodian will accept, in accordance with the terms of this Order, possession of the Vessel Defendants, their engines, tackle, appurtenances, etc. and all other necessaries thereunto appertaining and belonging, which are the subject of this action.

6.  National Maritime Services, Inc., by declaration, represents that it is willing and capable of facilitating unfettered access to (a) the Vessel Defendants, and (b) to all documents, records and information appurtenant to, or constituting maritime property, related to the Vessel Defendants, which access Plaintiffs have requested for themselves and their designees (such as inspectors, surveyors, and other potential representatives of prospective purchasers).

7.  National Maritime Services, Inc., by declaration, represents that it is willing and capable of facilitating the repositioning of one or more of the Vessel Defendants while under arrest, as well as their conducting normal operations, including cargo handling, while under arrest.

8.  Plaintiffs, in consideration of the United States Marshal's consent to the substitution of custody, agrees to release the United States Marshal and the United States Marshal's Service from all liability and responsibility arising out of care and custody of the Vessel Defendants, their engines, tackle, appurtenances, etc. and all other necessaries thereunto appertaining and belonging, from the time the United States Marshal transfers possession of the

Vessel Defendants over to the substitute custodian, and the Plaintiffs further agree to hold harmless and indemnify the United States Marshal and the United States Marshal's Service from any and all claims whatsoever arising out of the substitute custodian's possession and safe-keeping.

THEREFORE, IT IS HEREBY ORDERED that the United States Marshal for the Southern District of Texas is authorized and directed, (forthwith) (upon his seizure of the Vessel Defendants, thier engines, tackle, appurtenances, etc., and all other necessaries thereunto appertaining and belonging, pursuant to said Warrant of Arrest) to surrender possession of them to the substitute custodian named herein, and upon surrendering them, the United States Marshal will be discharged from his duties and responsibilities for the safekeeping of the Vessel Defendants and held harmless from all claims arising whatever out of substituted possession and safe-keeping.

ORDERED that National Maritime Services, Inc. is hereby appointed substitute custodian of the Vessel Defendants to retain them in its custody for possession and safekeeping for the above compensation until further Order of this Court.

ORDERED, that National Maritime Service, Inc. is permitted to provide Plaintiffs and their designees unfettered access to (a) the Vessel Defendants and (b) to all documents, records and information appurtenant to, or constituting maritime property, related to the Vessel Defendants.

ORDERED, that National Maritime Services, Inc. is permitted, at the risk and expense of the Vessel Defendants' interests, to allow normal operations, including cargo handling, to continue aboard the Vessel Defendants, and that the Vessel Defendants it may shift to another berth or anchorage within the Port of Galveston.

ORDERED that all expenses for the safekeeping of the Vessel Defendants will be deemed administrative expenses of the United States Marshal.

ORDERED that the subject Vessel Defendants may be released by the Substitute Custodian, without further court order, upon delivery of written consent of all parties to the action to the Marshals Service and Substitute Custodian.

ORDERED that Plaintiffs' attorney will serve the owner of the Vessel Defendants with a copy of this Order.

Dated: May ____, 2025, at Galveston, Texas.

_____
United States District/Magistrate Judge

United States Courts
Southern District of Texas
FILED

MAY - 7 2025

Nathan Ochsner, Clerk of Court